UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ⎯⎯⎯⎯

97 MAY 30 PM 12: 24

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| | |
|---|---|
| CHARLES KELLY, ) | |
| JOHN A. McCARTHY, and ) | **97-1718** |
| ROBERT E. McFETRIDGE, ) | |
| on behalf of themselves and ) | **CIV-UNGARO-BENAGES** |
| all others similarly situated, ) | |
| ) | Civil Action No.    MAGISTRATE JUDGE |
| Plaintiffs, ) | TURNOFF |
| ) | |
| v. ) | |
| ) | |
| SABRETECH, INC., ) | CLASS ACTION |
| a Delaware corporation, and ) | JURY TRIAL DEMANDED |
| SABRELINER CORPORATION, ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Charles Kelly, John A. McCarthy and Robert E. McFetridge bring this class action on behalf of a class of all full time employees of defendants SabreTech, Inc. (SaberTech) and Sabreliner Corporation (Sabreliner) who were employed at defendants' aircraft repair and maintenance facility at Miami International Airport (the Miami Facility) and who were permanently laid off from SabreTech's Miami Facility from October 18, 1996 through January 16, 1997, inclusive, as part of a plant closing or mass layoff for the Miami Facility, and who did not receive sixty days advance written notice of the plant closing or mass layoff as required by the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§2101-2109 (WARN). Excluded from the Class are all employees who signed separation agreements with defendants. Plaintiffs state the following as their complaint:

*Kelly et al. v. SabreTech Inc., et al.*

## PARTIES

1. Charles Kelly is a resident and citizen of Dade County, Florida, who was directly employed full time by SabreTech at its Miami Facility from January 1996 through January 10, 1997. Kelly is an "affected employee" and an "aggrieved employee" as those terms are defined in WARN.

2. John A. McCarthy is a resident and citizen of Dade County, Florida, who was directly employed full time by SabreTech at its Miami Facility from January 1996 through January 16, 1997. McCarthy is an "affected employee" and an "aggrieved employee" as those terms are defined in WARN.

3. Robert E. McFetridge is a resident and citizen of Dade County, Florida who was directly employed full time by SabreTech at its Miami Facility from January 1996 through January 16, 1997. McFetridge is an "affected employee" and an "aggrieved employee" as those terms are defined in WARN.

4. SabreTech, Inc. is a Delaware corporation with its principal place of business in Phoenix, Arizona. SabreTech operated an aircraft maintenance and repair facility at Miami International Airport from January 1996 until January 1997. SabreTech is an "employer" as that term is defined in WARN.

5. Sabreliner Corporation is a Delaware corporation with its principal place of business in Clayton, Missouri. Sabreliner is the sole shareholder of SabreTech, and through interlocking officers and directors, exercises such domination and control over SabreTech that SabreTech was and is substantially dependent on Sabreliner for working capital, strategic management, financial needs and technology. Sabreliner is the alter ego of SabreTech because of its domination and control

*Kelly et al. v. SabreTech Inc., et al.*

of SabreTech. Sabreliner and SabreTech constitute a single "employer" and a "business enterprise" as those terms are defined and used in WARN.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2104(a)(5) because it is a civil action arising under the laws of the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and 29 U.S.C. §2104(a)(5) because both defendants transact business in this district and the plant closing that is the subject of this action occurred in this district.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs bring this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and pursuant to 29 U.S.C. §2104(a)(5), on behalf of a class of all full time employees of SabreTech and Sabreliner who were employed at the Miami Facility and who were permanently laid off without receiving sixty (60) days advance written warning of the Miami Facility's closing (or mass layoff) ("the Class"). Excluded from the Class are all employees who have signed a separation agreement with SabreTech or Saberliner.

9. The Class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of Class members because that information is exclusively in the possession of the defendants. However, plaintiffs reasonably believe that the number of Class members exceeds 400. SabreTech and Sabreliner have made public statements that they had 625 employees at the Miami Facility at its peak employment in the month preceding the crash of Valujet Flight No. 592. Plaintiffs believe that more than 400 employees were laid off during the class

*Kelly et al. v. SabreTech Inc., et al.*

period.

10. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained competent counsel experienced in complex and class action litigation and plaintiffs intend to prosecute this action vigorously.

11. Plaintiffs' claims are typical of the claims of the other members of the Class because all claims arise from Saberliner's and SaberTech's failure to give notice of the shut down of the Miami Facility to all members of the Class as required by WARN. The claims of Plaintiffs and the Class only exist in the context of an employer action that affects a large number of employees in the same way. Plaintiffs' interests are not antagonistic to or in conflict with other members of the Class.

12. Sabreliner and SabreTech have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the Class as a whole. Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications regarding whether the conduct of Sabreliner and SabreTech violated the provisions of WARN.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs and the members of the Class have limited economic resources and have relatively small claims. The expense and burden of individual litigation make it virtually impossible for Class members to individually seek redress for the defendants' violation of WARN.

14. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the

*Kelly et al. v. SabreTech Inc., et al.*

questions of fact and law common to the Class are:

(a) Is SabreTech an "employer" within the meaning of WARN?

(b) Is Saberliner an "employer" within the meaning of WARN?

(c) Are members of the Class "affected employees" within the meaning of WARN?

(d) Did SabreTech and Sabreliner engage in a "plant closing" within the meaning of WARN?

(e) Did SabreTech and Sabreliner engage in a "mass layoff" within the meaning of WARN?

(f) Did SabreTech and Sabreliner order a "plant closing" without serving written notice of such an order on each affected employee more than sixty (60) days before the "plant closing"?

(g) Did SabreTech and Sabreliner order a "mass layoff" without serving written notice of such an order on each affected employee more than sixty (60) days before the "mass layoff"?

(h) Did SabreTech's and Sabreliner's order to close the Miami Facility violate WARN?

(i) Did SabreTech's and Saberliner's order for a mass layoff at the Miami Facility violate WARN?

(j) Are Class members who worked for SabreTech or Sabreliner at the Miami Facility for more than 120 days entitled to receive sixty (60) days back pay as damages?

(k) Are class members entitled to receive the cost of their medical and dental benefits under their employee benefit plan for the period following their layoff, and before the

5

*Kelly et al. v. SabreTech Inc., et al.*

expiration of sixty (60) days, during which those benefits were terminated by SabreTech and Sabreliner?

15. Plaintiffs are not aware of any other litigation initiated by any other member of the Class as an individual action or as class action. Plaintiffs are not aware of any interest by any other members of the Class in individually controlling or prosecuting separate actions.

16. It is unlikely that separate actions will be brought because of the relatively small value of each individual claim and because of the limited economic resources of the plaintiffs and the individual members of the Class.

17. It is desirable to concentrate this litigation in this Court because defendants operated and closed their Miami Facility in this district and because the vast majority of Class members reside in this district.

18  Plaintiffs know of no difficulty likely to be encountered in managing this action as a class action. Defendants possess the names and last known addresses of all Class members, the dates on which each Class member was laid off, whether any written warning of the plant closing was provided to Class members and if so its content, the last rates of pay of all Class members, the status and value of the employee benefit program in which each Class member participated. Moreover, Congress expressly provided that actions brought to enforce liability under WARN could be brought by aggrieved persons on their on behalf and "for other persons similarly situated . . . ." 29 U.S.C. §2104(a)(5).

*Kelly et al. v. SabreTech Inc., et al.*

## COUNT I

## WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT VIOLATION

19.  Sabreliner and SabreTech employed more than 600 full time employees at the Miami Facility in 1996.

20.  Sometime following the crash of Valujet Flight No. 592 on May 11, 1996, Sabreliner and SabreTech made a decision to close the Miami Facility. Sabreliner and SabreTech sold the assets of the Miami Facility to Commodore Aviation, Inc. and ceased operations at the Miami Facility on January 16, 1997. Sabreliner recognized the shutdown costs for the Miami Facility for its consolidated accounting and regulatory reporting obligations in December of 1996.

21.  Beginning in December 1996 Sabreliner and SabreTech began the closing of the Miami Facility with a first round of layoffs in mid-December. Sabreliner and SabreTech continued the closing of the Miami Facility with a second round of layoffs on January 10, 1997, and a third round of layoffs on January 16, 1997. Sabreliner and SabreTech permanently laid off more than 400 full time employees in groups of more than fifty (50) employees in mid-December 1996 and in the two January 1997 layoffs.

22.  Sabreliner and SabreTech provided no advance written warning of the layoffs and no advance written warning of the plant shutdown to any of the more than 600 full time employees employed at the Miami Facility at the time of the crash of Valujet Flight No. 592. There was no "representative" of the employees at the Miami Facility as that term is defined in WARN.

23.  Sabreliner's and SabreTech's permanent layoffs of their full time employees at the Miami Facility constitute either a "plant closing" or a "mass layoff" as those terms are defined in

*Kelly et al. v. SabreTech Inc., et al.*

WARN.

24. Plaintiffs and the other members of the Class are "affected employees" and "aggrieved employees" as those terms are defined in WARN because each member of the Class experienced a permanent loss of employment without having received the required sixty (60) days advance written notice of the closing of the Miami Facility or of the mass layoff that occurred at the Miami Facility.

25. Plaintiffs and each member of the Class were paid an hourly rate for an eight hour day, and received medical and dental expense benefits under an employee benefit plan. Plaintiffs and each member of the Class received no pay following their termination and their rights under the employee benefit plan were terminated at the end of the month during which each was laid off.

26. Sabreliner's and SabreTech's layoffs of their Miami Facility employees without providing sixty (60) days advance written notice to their employees constitutes a violation of WARN that entitles all aggrieved employees to sixty (60) days back pay and the appropriate amount for loss of benefits under the employee benefit plan.

WHEREFORE, plaintiffs Charles Kelly, John A. McCarthy and Robert E. McFetridge demand judgement, on their own behalf and on behalf of the Class as defined above, against defendants SabreTech, Inc. and Sabreliner Corporation and request that the Court include the following relief:

1. An order certifying this action as a class action;

2. An order appointing plaintiffs as class representatives and appointing plaintiffs counsel as class counsel;

*Kelly et al. v. SabreTech Inc., et al.*

3. Money damages to plaintiffs and to each Class member as authorized by 29 U.S.C. §2104(a);

4. Prejudgment interest on the money damages awarded each Class member;

5. The costs of the litigation including a reasonable attorneys' fee; and

6. Such other relief as the Court deems just and proper.

**A JURY TRIAL IS DEMANDED.**

OF COUNSEL:

**T.H. BUSCAGLIA AND ASSOCIATES**
Thomas H. Buscaglia
Scot G. Miller
111 Southwest 5th Avenue
Suite 200 Warner Place
Miami, Florida 33130-1381
(305) 324-6000

**LEESFIELD LEIGHTON & RUBIO, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
(305) 854-4900

By: /s/ George G. Mahfood
GEORGE G. MAHFOOD
Florida Bar No. 77356
STEVEN R. KOZLOWSKI
Florida Bar No. 87890